**UNITED STATES of America,
Appellee,**

**v.**

**Juan ABREU, Defendant,**

**Wilton DeJesus, Defendant–Appellant.**

**No. 06–0127.**

United States Court of Appeals,
Second Circuit.

April 12, 2007.

B. Alan Seidler, New York, NY, for Appellant.

Virginia Chavez Romano, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Daniel W. Levy, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. ROBERT D. SACK, Hon. B.D. PARKER, Circuit Judges.

Defendant-appellant Wilton DeJesus appeals from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *Judge*) convicting him, after a plea of guilty, of one count of conspiracy to distribute and to possess with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. § 846 and one count of distribution and possession with intent to distribute five kilograms of cocaine in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). *See United States v. DeJesus*, No. 04 Cr. 1149 (S.D.N.Y. June 13, 2005). The district court sentenced the defendant to a term of 87 months' imprisonment.

On appeal, the defendant argues that the district court erred in failing to depart downwardly in light of the defendant's family circumstances and in failing to apply a two-level reduction in sentence for a minor role in the offense pursuant to U.S.S.G. § 3B1.2(b). The defendant's arguments are without merit. A refusal to downwardly depart is not appealable unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). There is no basis for the assertion that the district court misapprehended the scope of its authority here. It recognized its ability to depart downwardly based on family circumstances, but decided not to do so because it determined that DeJesus's family circumstances did not "warrant any departure whatsoever." Sentencing Tr. at 9. We therefore lack jurisdiction to review the district court's refusal to downwardly depart.

The defendant also argues that he merits a two-level reduction for a minor role in the offense pursuant to U.S.S.G. § 3B1.2(b). He faults the district court for not making a specific finding as to the minor-role reduction, and also for denying the reduction on the basis that the defendant had already "benefitted" from the application of the "safety valve" and the district court's decision to sentence him at the lowest end of the advisory guidelines range. We conclude that the court was not in error inasmuch as it sufficiently indicated that it did not think that the evidence supported a minor role reduction in the defendant's case.

For the foregoing reasons, the judgment of the District court is here AFFIRMED.